**Isaac A. SMITH, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 89–13.

United States Court of Veterans Appeals.

Argued Jan. 25, 1991.

Decided March 15, 1991.

Peter J. Sarda and Richard P. Nordan, Raleigh, N.C., for appellant.

Michael T. Butler, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

This case concerns an appeal of a July 6, 1989, Board of Veterans' Appeals (BVA) decision finding that evidence received after a March 11, 1988, BVA decision did not provide a new factual basis for finding that the veteran's psychiatric disability was service connected.

Smith served in the Army National Guard of North Carolina from February 8, 1972, to February 7, 1978. He was on active duty for training status from July 12, 1972, to February 23, 1973, while he went through basic training. The veteran was recycled three times before completing basic training. There is no indication of treatment for a head injury or psychiatric

conditions in the service or discharge records.

In August of 1983, Smith filed a claim for service connection for a left ankle disability. That claim was denied on October 13, 1983. On June 27, 1984, Smith requested that his claim for service connection for his left ankle disability be reopened and requested service connection for a right foot condition and a nervous condition. A letter from the veteran to his family written while he was in basic training and letters from his family supporting his claims were submitted along with medical and psychiatric reports of treatment between 1980 and 1984. On September 6, 1984, service connection was denied for the right foot condition and the nervous condition, and the previous denial of service connection for the left ankle was continued.

Smith filed a Notice of Disagreement on September 14, 1984. He filed a substantive appeal only on the issues involving his left ankle and the nervous condition. The BVA denied his claims on September 5, 1985. The veteran requested reconsideration of his claims on December 17, 1985, and submitted a statement dated September 1, 1972, which was written by an unknown person about Smith's basic training experience, and letters from former employers and National Guard supervisors. Smith's claim was again denied on January 10, 1986.

Smith filed a substantive appeal on June 15, 1986, including another medical report of psychiatric treatment in 1986. The appeal was denied on November 21, 1986, by the BVA. On August 25, 1987, the Disabled American Veterans representative submitted a letter from Smith's sister which referred only to his mental condition. This was treated as a request for reconsideration. On August 24, 1987, denial of service connection for the psychiatric (nervous) condition was continued.

Smith filed a Notice of Disagreement and a substantive appeal to the BVA followed on October 23, 1987. New letters from the veteran's mother and sister were attached. On March 11, 1988, the BVA stated "[t]he evidence submitted in support of the current reopened claim following denials by the Board of Veterans' Appeals in September 1985 and November 1986 does not establish a new factual basis warranting service connection for an acquired psychiatric disease." *Isaac A. Smith, Jr.*, loc. no. 807489, at 5 (BVA Mar. 11, 1988).

On December 8, 1988, Smith sought to reopen his claim and submitted a copy of a Veterans Administration (now Department of Veterans Affairs) (VA) hospital discharge summary covering his inpatient stay at the VA Medical Center in Durham, North Carolina between June 6, 1988, and July 15, 1988. In the section titled *History of Present Illness*, there was the statement: "Mr. Smith has a long paychiatric [sic] history going back at least to 1972...." Smith contended that this evidence supported his previous claim that his nervous condition started in 1972 while he was in basic training. On December 21, 1988, the VA Regional Office continued the denial of service connection for the psychiatric condition  An appeal to the BVA followed.

On July 6, 1989, the BVA found that the "[e]vidence received after the Board denied service connection for an acquired psychiatric disability in March 1988 [did] not provide a new factual basis for an allowance of [service connection]." *Isaac A. Smith, Jr.*, loc. no. 917035, at 5 (BVA July 6, 1989).

## ANALYSIS

The law provides that when new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition. 38 U.S.C. § 3008 (1988). When a veteran seeks to reopen his claim by submitting evidence, the evidence is first considered to see if it is "new and material." *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). When evidence is "material" that means there is a reasonable possibility that consideration of the new evidence, when viewed in the context of all the evidence, would change the outcome. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). This

does not mean that the claim will always be allowed, just that the case will be reopened and the new evidence considered in the context of all the other evidence for a new determination of the issues. *Manio*, at 145.

The BVA decision appealed from in this case says that the "[e]vidence received after the Board denied service connection for an acquired psychiatric disability in March 1988 does not provide a new factual basis for an allowance of this claim." *Isaac A. Smith, Jr.*, loc. no. 917035, at 5 (BVA July 6, 1989).

 When reviewing a reopening case, this Court must make a *de novo* legal determination of whether evidence submitted with a request to reopen a claim is "new and material." *Colvin*, at 174. If we find that the BVA's determination was "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law," a remand is required under 38 U.S.C. § 4061(a)(3)(A) (1988).

In this case, the evidence submitted with the veteran's request to reopen his claim was a discharge summary relating to an inpatient stay in a VA hospital in 1988. The Statement of the Case issued by the Regional Office on January 18, 1989, discussed this summary as follows:

> The current hospital report relating to hospitalization for psychosis was reviewed by the Rating Board. The personal history given by the veteran on admission included a history of psychiatric problems dating back to at least 1972. However, no objective basis for relating the veteran's psychosis to military service was provided in the hospital report.

The July 6, 1989, BVA decision stated that "the report indicated a psychiatric history going back to 1972, but this statement is not supported by the record and it was apparently not based on a review of the objective medical records." *Isaac A. Smith, Jr.*, loc. no. 917035 at 5 (BVA July 6, 1989).

We hold that the discharge summary submitted with Smith's request to reopen his claim was not material because there is no reasonable possibility that the discharge summary, which covers treatment provided in 1988 and provides no connection between the veteran's psychiatric condition and his military service other than the history the veteran himself furnished, would change the denial of service connection for Smith's psychiatric condition if the discharge summary were considered either alone or in the context of the other evidence in the record.

The July 6, 1989, BVA decision in this case is AFFIRMED.