**Danny L. ESTEP, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–764.**

United States Court of Veterans Appeals.

Submitted April 23, 1991.

Decided June 4, 1991.

Brent Sterling, Fayetteville, Ark., for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. General Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

On August 30, 1990, the Board of Veterans' Appeals (Board) affirmed the Regional Office's denials of service connection for a psychiatric disorder and a seizure disorder. A timely appeal to this Court followed. On February 12, 1991, appellant filed his brief. In response to appellant's brief, the Secretary filed a Motion for Summary Affirmance and to Stay Further Proceedings contending that the Board correctly found that appellant had not submitted new and material evidence to reopen the claim. On April 1, 1991, appellant filed a Motion in Opposition of Appellee's Motion for Summary Affirmance and to Stay Further Proceedings. Appellant argued that, in addition to seeking to reopen his claim based on new and material evidence, he had also requested reconsideration by the Board. On April 15, 1991, the Court received the Secretary's Response to Appellant's Motion in Opposition of Appellee's Motion for Summary Affirmance accompanied by a motion for leave to file the response. The Secretary denied that there had been a request for reconsideration pursuant to 38 C.F.R.

§§ 19.185–19.186 (1990) or that such reconsideration had occurred.

Appellant sought service connection both for a psychiatric disorder and for a seizure disorder, contending that both resulted from an acute schizophrenic episode which occurred while appellant was in service. The Board affirmed the denial of the Regional Office in a January 4, 1989, decision finding that the psychotic episode which occurred in service was acute and transitory. In addition, the Board found that while appellant's psychiatric disorder, by its nature, is a congenital or developmental defect, the seizure disorder did not become manifest until 10 years after separation from service. In a second decision, the Board on April 30, 1990, affirmed the finding by the Regional Office that appellant did not submit new and material evidence sufficient to reopen the claim. *See Manio v. Derwinski*, 1 Vet.App. 140, 146 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171, 172 (1991); *Smith v. Derwinski*, 1 Vet.App. 178 (1991); *Jones v. Derwinski*, 1 Vet.App. 210, 213 (1991).

There is nothing in the record before this Court which supports appellant's argument that he requested BVA reconsideration pursuant to 38 C.F.R. § 19.185–19.190 (1990) or that there was any reconsideration by the BVA. Therefore, this Court's review is limited to the Board's April 30, 1990, affirmance of the Regional Office determination that new and material evidence was not presented by appellant sufficient to reopen his claim. Upon consideration of the pleadings of the parties and the record before this Court, it is the holding of this Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Therefore,

The Secretary's motion for leave to file a response to appellant's motion in opposition is granted. The Secretary's motion for summary affirmance is granted and the decision by the Board of Veterans' Appeals is AFFIRMED.