**Ralph MEISTER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–31.**

United States Court of Veterans Appeals.

Submitted Oct. 10, 1990.

Decided Sept. 20, 1991.

Rick Surratt (non-attorney practitioner) was on the brief and pleadings, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

PER CURIAM:

This case was the subject of a prior opinion of the Court wherein the Court rejected efforts by the Board of Veterans' Appeals (BVA) Chairman to order reconsideration of a claim that was on appeal to the Court. *See Cerullo v. Derwinski*, 1 Vet. App. 195 (1991). The Court now addresses

the merits of the appeal and reverses and remands the BVA decision.

Appellant has been awarded service connection for the amputation of his right forearm. Appellant claimed before the BVA that a tear in the rotator cuff of his left shoulder was secondary to his service-connected amputation. *See* 38 C.F.R. § 3.310(a) (1990). The issue in this appeal is whether the BVA was clearly erroneous in its determination that appellant's rotator cuff injury was not secondary to appellant's right arm amputation.

In support of his claim, appellant offered the medical opinions of two physicians. An orthopedic surgeon stated:

> Mr. Ralph Meister underwent surgery for a significant, severe rotator cuff tear of his left shoulder. I believe this condition was aggravated by the fact that he suffered an amputation of his right arm.... I believe that this was an aggravating and inciting cause of his problem.

R. at 37. A rheumatologist opined:

> In summary, Mr. Meister developed complete tear of the left rotator cuff secondary to chronic stress of the left upper extremity, probably the result of increased use required of that extremity following loss of the right hand.

R. at 38.

In addressing these issues the BVA stated:

> On the basis of the evidence currently on file, the veteran first experienced symptoms related to his left shoulder in 1987, approximately 34 years after he was separated from service. This panel is cognizant that two medical specialists have expressed opinions that there is quite probably a relationship between the current disorder of the left shoulder and the service[-] connected right forearm amputation. It is the panel's opinion, however, considering the remoteness of onset of left shoulder symptoms from the date the veteran lost his right hand and taking into consideration sound medical principles, that the evidence is not sufficient to raise a reasonable doubt which would support service connection for his current left shoulder pathology as secondary to amputation of his right forearm.

*Ralph Meister*, BVA 89–04029, at 4 (Nov. 13, 1989).

 The medical opinion of the BVA is not evidence which can be used to support the BVA's factual determination. *See Colvin v. Derwinski*, 1 Vet.App. 171 (1991). If the BVA felt that the record was inadequate it is required by Department of Veterans Affairs (VA) regulations to have remanded the case to the agency of original jurisdiction. *See Littke v. Derwinski*, 1 Vet.App. 90, 93 (1990). The BVA's failure to do so and to cite independent medical authority or to supplement the record through remand leaves the Court with little to review other than the veteran's unrebutted evidence. While the expanse of time between appellant's amputation and the reported onset of symptoms involving the left shoulder might be considered by competent medical authority as arguably some evidence to support the BVA decision, no competent medical authority has so opined in this record and the Court on the entire evidence is left with the "definite and firm conviction that a mistake has been committed." *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 1871–72, 114 L.Ed.2d 395 (1991) (twice quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1164 (Fed.Cir.1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *U.S. Gypsum*). Alternatively, we find that the BVA's "account of the evidence is [not] plausible in light of the record viewed in its entirety," *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Gilbert*, at 52 (citing *Anderson*); nor are there "two permissible views of the evidence" between which "the fact finder's choice ... cannot be clearly erroneous", *Hernandez*, 111 S.Ct. at 1871–72 (quoting *Anderson*); *Gilbert*, at 52 (also quoting *Anderson*). The Court, therefore, sets aside as "clearly erroneous" the finding that appellant's left

shoulder pathology was not secondary to his right forearm amputation. 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)).

The Secretary's motion for remand is denied and the decision of the BVA is RE-VERSED. The case is REMANDED to the BVA with the instruction to award appellant service connection for his left rotator cuff injury and proceed in the manner appropriate to rate the disability.