Willie J. GARRETT, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–936.

United States Court of Veterans Appeals.

Submitted Feb. 5, 1992.

Decided April 29, 1992.

As Amended April 30, 1992.

William M. Hanlin, Birmingham, Ala., on the brief for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and William S. Mailander, Washington, D.C., were on the pleadings for appellee.

Before FARLEY, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Willie J. Garrett, appeals a decision of the Board of Veterans' Appeals (BVA) rendered on February 8, 1991. In that decision, the BVA denied appellant entitlement to (1) service connection for dental malocclusion, and (2) an increased rating for residuals of a fracture of the right zygomatic bone. The Court holds that the decision of the BVA is clearly erroneous. The BVA decision is vacated and remanded to the BVA with directions to award appellant entitlement to service connection and assign an appropriate rating.

FACTS

Appellant served in the United States Army from November 1958 to April 1963. In September 1960, appellant was injured in an automobile accident and suffered a fracture of the right zygoma. X-ray examinations revealed a fracture of the lateral wall of the right eye orbit and the right maxillary sinus, and a fracture and depression of the right zygoma with artery and nerve involvement. Appellant underwent an operation in which the zygomatic bone was elevated back into normal position. Appellant was awarded entitlement to service connection for scars to the chin and for the residuals of the fracture of the right zygomatic bone in March 1976, and was rated at 0% for both conditions.

On March 24, 1989, the Department of Veterans Affairs (VA) Regional Office (VARO) received a request from appellant to reopen his claim. In June 1989, the VARO performed a limited compensation and pension examination to evaluate the fracture of the right zygoma and the dental malocclusion. A dentist was also consulted and a diagnosis was rendered by him in July 1989. On October 13, 1989, the VARO denied appellant entitlement to increased evaluations for the scars and residuals of the fracture, and denied appellant entitlement to service connection for dental malocclusion.

Appellant appealed this determination to the BVA. In support of his appeal, a November 20, 1989, letter from appellant's private dentist, an oral and maxillofacial surgeon, was submitted. In a decision dated July 23, 1990, not the decision on appeal,

the BVA remanded the case to the VARO because it found the VARO might not have considered the results of the July 1989 dental consultation and any dental records that might have been available.

On September 6, 1990, the VARO continued the denial of entitlement to service connection for dental malocclusion. Appellant again appealed to the BVA. In a decision rendered on February 8, 1991, the BVA denied appellant entitlement to service connection for dental malocclusion as neither having been incurred in service nor proximately caused by a service-connected disease or injury. The BVA also determined that appellant was not entitled to a higher rating for the residuals of the fracture of the zygomatic arch.

## ANALYSIS

The Court is directed to "hold unlawful and set aside" factual findings made by the BVA which are "clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)). A decision is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990). In determining whether a finding is clearly erroneous, the Court "is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Willis v. Derwinski*, 1 Vet.App. 66, 69 (1991); *Gilbert*, 1 Vet.App. at 53.

The BVA determined that the dental malocclusion was not manifested during service and "[was not] shown to have been caused by the residuals of a fracture of the right zygomatic arch." Yet appellant's private dentist, a specialist in the field of oral and maxillofacial surgery, provided the contrary opinion in the letter of November 20, 1989, that appellant's maxilla was indeed "likely caused" by the fractured zygoma:

[Appellant] came to my office on November 9, 1989 with a chief complaint of a bad bite, a chronic sinus drainage, and sinus headaches. He said that he had a broken cheek bone several years ago. An examination revealed a retrogn[a]thic maxilla which was likely caused by the fractured zygoma, multiple missing and decayed teeth, and tenderness over the right maxillary sinus.

The results of the 1989 VA compensation and pension examination do not contradict the specialist's opinion. The VA physician noted that appellant had fractured his jaw so that the right lower jaw had to be pulled back into place with a wire. The physician stated that appellant "now has an underbite, that is, his lower front teeth protrude beyond the upper incisors." Appellant was diagnosed as having an old fracture of the right zygoma with depressed zygomatic arch, and "dental malocclusion related by veteran's history to the injury indicated in § 1 above [fracture of the zygoma]."

The VA dentist who performed the consultation in 1989 determined that appellant had an "obvious mandibular prognathism with severe over-closure." The examiner also noted appellant had multiple missing teeth, an old zygoma fracture by radiograph report, a scar over the chin and "minimal loss of right lateral excursion probably due to arch fracture." The dental consultant noted appellant's chief complaints were pain in the area over the right cheek bone and difficulties with chewing and eating. These findings are not inconsistent with the statement provided by appellant's private physician.

An examination of all the evidence, as recounted above, leaves this Court with a "definite and firm conviction that a mistake has been made." *Gilbert*, 1 Vet.App. at 52; *Willis*, 1 Vet.App. at 70. The decision of the BVA is not plausible and must be reversed as clearly erroneous. *Id.; Meister v. Derwinski*, 1 Vet.App. 472, 474 (1991).

The Secretary of Veterans Affairs' Motion for Summary affirmance is DENIED. The February 8, 1991, decision of the BVA is VACATED, and the matter is REMANDED to the BVA with the direction to award entitlement to service connection for dental

**336**

malocclusion and determine the appropriate rating.