Charles L. **MOORE**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–1204.

United States Court of Veterans Appeals.

April 30, 1992.

Before STEINBERG, Associate Judge.

ORDER

Appellant's Notice of Appeal was filed in this Court on October 22, 1990. The brief of the Secretary of Veterans Affairs (Secretary) was due on July 19, 1991. On two occasions the Court granted timely motions by the Secretary for extensions of time to file his brief, as a result of which the Secretary's brief fell due on September 3, 1991. On October 10, 1991, 83 days past the original due date and 37 days out of time, the Secretary lodged his brief with the Court and filed a motion to file his brief out of time.

In a July 11, 1990, decision, the Board of Veterans' Appeals (BVA or Board) issued a decision awarding service connection for appellant's left-knee disability and denying his claims for service-connected disability compensation for five other conditions. *Charles L. Moore*, BVA (July 11, 1990) (hereinafter *Moore*). The BVA also awarded an increased rating for appellant's service-connected disability of the left thigh and denied increased ratings for two other service-connected conditions. *Ibid.* Among the conditions for which the BVA denied service connection were a low back disability and disabilities of the right and left hips, which appellant claimed are secondary to his service-connected amputation, gunshot wound, and leg-shortening conditions. The Board denied service connection for the former conditions on the basis that, because the disabilities were first manifested several years after separation from service, the Board was unable to conclude that they were causally related to the service-connected disabilities. *Moore*, at 9.

The Board's conclusions implicitly reject appellant's medical evidence. The medical evidence of record includes a September 20, 1989, statement from Dr. G. Samuel Baker, stating an unequivocal opinion that appellant's arthritis, joint damage, and back condition are caused by his service-connected injuries (R. at 164); a March 9, 1987, examination report by Dr. John Nolan stating that appellant's low back pain is "probably from compensation for leg injury" (R. at 89); and a June 26, 1985, statement from Dr. George B. Peat expressing an opinion that appellant's present problems (apparently including back pain) "relate to his previous military injuries." R. at 78. The Board failed to cite any medical evidence of record or other medical authorities in rejecting these medical opinions. The BVA may not reject medical evidence on the basis of its own unsubstantiated medical conclusions. *Hanson v. Derwinski*, 1 Vet.App. 512, 516–17 (1991); *Meister v. Derwinski*, 1 Vet.App. 472, 473 (1991); *Colvin v. Derwinski*, 1 Vet.App.

171, 175 (1991). "The BVA's failure ... to cite independent medical authority or to supplement the record through remand leaves the Court with little to review other than the veteran's unrebutted evidence." *Meister,* 1 Vet.App. at 473. Upon review of the record, the Court holds that the record does not provide a "plausible basis" for the BVA's factual determinations which are, therefore, held to be clearly erroneous. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990); *Garrett v. Derwinski,* 2 Vet. App. 334, 335–36 (1992).

 The Board also failed to address appellant's claim for a total service-connected disability rating on the basis of individual unemployability. *See* 38 C.F.R. § 4.16 (1991). The veteran stated such a claim on his August 29, 1989, VA form 1–9. R. at 149. Therefore, the BVA was required to consider that claim. *See Myers v. Derwinski,* 1 Vet.App. 127, 129–30 (1991). Although subsumed in the disposition of this appeal, the Court notes that the Board also failed to consider and apply 38 C.F.R. § 4.58 (1991) (with service-incurred amputation or shortening of lower extremity, later-developing arthritis in same extremity, including arthritis of the lumbar spine associated with the leg amputation or shortening, with indications of earlier arthritis, will be service connected). Appellant specifically requested the application of section 4.58, and the facts and evidence clearly indicate the relevance of that regulation. Therefore, the BVA was required to consider and discuss the applicability of that provision. *See Schafrath v. Derwinski,* 1 Vet.App. 589, 592–93 (1991); *Peyton v. Derwinski,* 1 Vet.App. 282, 285–87 (1991); *Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990).

On consideration of the foregoing it is

ORDERED that the July 11, 1990, BVA decision is reversed, the Court retains jurisdiction, and the record is remanded to the Board for proceedings consistent with this order. Not later than 90 days after the date of this order, service-connected disability ratings shall be assigned for the appellant's currently diagnosed back and hip disabilities and a service-connected rating shall also be assigned for appellant's left-knee disability, if one has not already been assigned. The Board shall also promptly adjudicate appellant's claim for a total disability rating based on individual unemployability due to his service-connected conditions. Any new Board decision on remand shall contain an adequate statement of the Board's conclusions on all material issues of law and fact, and the reasons or bases for those conclusions. 38 U.S.C. § 7104(d)(1) (formerly § 4004). The Secretary shall file with the Clerk and serve upon appellant a copy of any Board final decision on remand. Within 14 days after such filing, appellant shall notify the Clerk whether he desires to seek further review by the Court. It is further

ORDERED that the Secretary's motion to file his brief out of time is denied and the brief will be returned to the Secretary.