Brian E. **FLESCHER**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary
of Veterans Affairs, Appellee.

No. 90–815.

United States Court of Veterans Appeals.

June 1, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran Brian E. Flescher, proceeding pro se, appeals from a July 17, 1990, Board of Veterans' Appeals (BVA or Board) decision denying him an increase in service-connected disability compensation for a left-elbow disorder, currently evaluated as 20% disabling, and denying him service-connected disability compensation for a right-elbow disorder, which he has claimed is secondary to his service-connected left-elbow disorder. *Brian E. Flescher*, BVA 90–13234 (July 17, 1990). For the reasons set forth below, the record will be remanded to the Board, with instructions, the Court retaining jurisdiction.

The veteran's claim for an increase in his left-elbow disability compensation was previously denied in a July 18, 1988, BVA decision (R. 109), and his claim for service-connected disability compensation for a right-elbow disability was previously denied by the BVA in an August 17, 1989, decision, R. at 167. The Secretary of Veterans Affairs (Secretary) has moved the Court to remand and stay further proceedings based on the Board's failure to assess properly whether the veteran had presented in his most recent administrative appeal the new and material evidence necessary to reopen a claim previously denied by the Board. In addition, the Secretary has faulted the Board for not articulating, pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004), the reasons or bases for its decision, particularly with regard to the Board's (1) determination that the evidence supporting either claim did not warrant a finding in support of the veteran's claim, (2) rejection of definitive statements made in support of the veteran's position by an examining physician, (3) failure to discuss the applicable rating criteria and to explain why the veteran's left-elbow symptoms do not warrant an increase in his schedular rating, (4) unsubstantiated medical conclusions used to support its decision, and (5) apparent conclusion that the benefit-of-the-

doubt doctrine, under 38 U.S.C. § 5107(b) (formerly § 3007), should not apply in the veteran's favor. The appellant, seeking reversal, opposes the Secretary's motion for remand.

The Court agrees with the Secretary that numerous errors were made by the Board, but is not at this point prepared to review the Board's conclusions on the merits without a Board decision supported by an adequate statement of reasons or bases that will enable the veteran to understand the basis for the Board's decision and the Court to evaluate properly the Board's adjudication of his claims. *See Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991); *Hyder v. Derwinski*, 1 Vet.App. 221, 224–25 (1991); *Hayes v. Derwinski*, 1 Vet.App. 186, 190 (1991); *Ohland v. Derwinski*, 1 Vet.App. 147, 149–50 (1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

■ Under 38 U.S.C. § 5108 (formerly § 3008), the Secretary must reopen a previously disallowed claim when "new and material" evidence is presented or secured with respect to that claim. In evaluating whether the evidence presented is new and material, the regional office or the BVA must conduct a two-step analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, the Board must determine whether the evidence is "new and material". *Ibid.* New evidence is evidence which is neither cumulative nor redundant, and material evidence is that which creates a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). If a regional office or Board finds that the evidence is new and material, it must reopen the claim and evaluate it "in light of *all* the evidence, both new and old" to determine whether a change in the former disposition is justified. *Ibid; see McArthur Jones v. Derwinski*, 1 Vet.App. 210, 215 (1991).

■ In the BVA decision on appeal, the Board did not carry out, with respect to each of the claims presented, the required two-step analysis. Although the Secretary proposes a remand to the Board to deter-mine whether new and material evidence has been presented, the Court has determined that question de novo, under 38 U.S.C. § 7261(a)(1) (formerly § 4061), because it is a question of law. *See Isaac Smith v. Derwinski*, 1 Vet.App. 178, 180 (1991); *Colvin, supra.* The evidence presented after the 1988 BVA decision to support this appeal with respect to the left elbow, and presented after the 1989 BVA decision with respect to both conditions, consisted primarily of outpatient records (R. 117–20, 137–52) and an examination report by a private physician, Dr. Karen C. Larson, that addressed the veteran's left- and right-elbow conditions (R. 180). The Board rejected Dr. Larson's findings as cumulative because it believed that her report was "similar" to a 1986 evaluation she had performed and which had been before the Board in its prior decisions. *Flescher*, BVA 90–13234, at 2.

The Court concludes that Dr. Larson used her earlier 1986 report only as a foundation from which to assess the veteran's disabilities as she found them in 1989. R. at 44, 180. At that point, she determined that the left- and right-elbow conditions had changed—indeed, had worsened—and added to the veteran's list of disabilities the development of neck and shoulder girdle problems. R. at 180–84. Thus, the Court holds that Dr. Larson's 1989 medical report was new evidence with respect to both claims, because, although the 1989 report was "similar" to the older report, new findings were made.

Moreover, the Court holds that Dr. Larson's 1989 medical evaluation also constituted material evidence with respect to both claims in view of her conclusions that both the left- and right-elbow conditions had worsened, her discussion of additional disabilities linked to the left-elbow disability, and her definitive statements attributing the cause of the veteran's right-elbow disability to his left-elbow disability. Twice she made that link, stating that the "right upper extremity impairments resulted directly from attempting to compensate for the left upper extremity" impairment (R. 183), and that the veteran's dependence on

his right upper extremity was "because of loss of normal function in the upper left extremity" (R. 181). *See* 38 C.F.R. § 3.310(a) (1991). Accordingly, the Board is instructed on remand to evaluate the veteran's new evidence in the context of the old and fully readjudicate the veteran's two claims. *See Meister v. Derwinski*, 1 Vet.App. 472, 473 (1991) (holding clearly erroneous BVA decision denying secondary service connection where two physicians opined that appellant's service-connected right arm amputation "aggravat[ed] and incit[ed]", or probably resulted in, left rotator cuff injury which formed basis of appeal).

In addition, since Dr. Larson's 1989 report discusses additional impairments—of the neck and shoulder girdle—that the veteran has developed in relation to his upper extremity disabilities, the Board must also consider whether Dr. Larson's discussion raises the potential for entitlement to disability compensation for neck and shoulder problems as secondary to the service-connected left-elbow disability, remanding the record to the originating agency, if necessary, for further development. *See* 38 U.S.C. § 7104(a) (Board must consider all evidence of record); 38 C.F.R. § 3.303(a) (1991); 38 C.F.R. § 19.182(a) (1991) (reformulated in 57 Fed.Reg. 4,105 (1992) (to be codified at 38 C.F.R. § 19.9)).

Finally, the Court points out, since the appellant has raised the question of entitlement to retroactive benefits to 1986, that the numerous prior BVA decisions involved in this case may present the question of whether clear and unmistakable error, under 38 C.F.R. § 3.105(a) (1991), was committed in a prior decision. However, currently pending before the Court, in the consolidated cases of *Russell v. Derwinski*, U.S.Vet.App. No. 90–396, and *Collins v. Derwinski*, U.S.Vet.App. No. 90–416, is the question of whether the Court has authority to review questions of possible clear and unmistakable error in prior final administrative adjudications and, in the event that it does, what legal standard should be applied in making such determinations. Consequently, clear and unmistakable error should be addressed by the Board on remand if *Russell/Collins* has been decided before the Board's disposition of the remand. The appellant may also be able to raise the issue by seeking further review in this Court following the BVA's final decision on remand.

Upon consideration of the record, the Secretary's motion, and the appellant's informal brief and response, it is held that the BVA committed error requiring remand of the record for full readjudication of both of the veteran's claims. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (Court expects critical examination to occur on remand, in which Board will reexamine evidence of record, seek additional evidence as necessary, and issue well-supported decision). The Secretary's motion for remand is granted to the extent provided herein. On remand, the Board, pursuant to 38 U.S.C. § 5108 and *Manio, supra,* is to consider both claims as reopened based on the submission of new and material evidence and determine whether, under 38 C.F.R. § 3.310(a), the additional disabilities discussed may have developed secondary to the veteran's service-connected left-elbow impairment, taking into account the applicability of the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b). The Board is to provide, in accordance with 38 U.S.C. § 7104(d)(1) and *Gilbert*, 1 Vet.App. at 56, an adequate statement of reasons or bases for its decision, basing its decision on the entire evidence of record. *See* 38 U.S.C. § 7104(a). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court retains jurisdiction. The Secretary shall file with the Clerk and serve upon the appellant a copy of any Board final decision on remand. Within 14 days after any such filing, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.